

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

**ABBE DAVID LOWELL**

August 9, 2023

**VIA ECF**
The Honorable John G Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Banco San Juan Internacional, Inc. v. Federal Reserve Bank of New York and Board of Governors of the Federal Reserve System*, No. 1:23-cv-06414

Dear Judge Koeltl,

Plaintiff Banco San Juan International, Inc. ("BSJI") respectfully requests a pre-motion discovery conference, pursuant to Local Rule 37.2 and Individual Rule I.F., concerning the Federal Reserve Bank of New York's (the "FRBNY") refusal to produce documents that would inform this Court's adjudication of BSJI's preliminary injunction motion.

As detailed in the FRBNY's recent letter to the Court (ECF No. 26), the parties have met and conferred concerning the scope of a potential document production. The FRBNY has agreed to produce only four non-publicly available documents that, in any event, it intends to file with its opposition papers. The FRBNY is not entitled to unilaterally shape the factual record that may inform BSJI's preliminary injunction motion, and BSJI respectfully requests a conference with this Court to resolve the FRBNY's claim to the contrary.

**Background**: Following the parties' agreement to institute a transaction monitor, which obviated the need for this Court to rule on BSJI's motion for a temporary restraining order, the parties met and conferred concerning a preliminary injunction briefing schedule. At the inception of these discussions, BSJI informed the Board of Governors of the Federal Reserve System (the "Board") and the FRBNY that it sought limited expedited discovery and propounded the following three document requests:

- Documents concerning the FRBNY's and the Board's purported justifications for closing BSJI's master account. This includes, but is not limited to, documents concerning, supporting, undercutting, or related to the FRBNY's July 18, 2022, April 24, 2023 and June 30, 2023 letters, as well as any materials, facts, or analyses that the FRBNY or the Board discussed or considered in (i) deliberating whether, or deciding, to close BSJI's master account or (ii) evaluating whether BSJI presents an "undue risk" to the "overall economy."

- Documents concerning the FRBNY's and the Board's policies and practices, whether formal or informal, concerning IBEs and other uninsured depository institutions

(including information related to or concerning the FRBNY policy reportedly expressed in a February 27, 2019 FRBNY letter as described in BSJI's Complaint).

- Communications between the FRBNY and the Board regarding (i) BSJI, or (ii) the decision to close BSJI's master account, or (iii) the risk that BSJI poses to the Federal Reserve Bank of New York or the "overall economy."

The FRBNY rejected BSJI's requests but claimed that "much if not all of the documentation described" would be filed along with its opposition papers, and offered to produce those documents prior to that filing. When pressed for specificity on this proposed production, the FRBNY stated that it would produce only *four* non-publicly available documents: two memoranda allegedly supporting the 2023 decision to terminate BSJI's master account, one "communication" from the FRBNY to the Board concerning this same decision, as well as the Board's response thereto.

Although this was far from "much if not all" of what BSJI had requested, in a show of good faith, BSJI further limited its requests to (i) the February 27, 2019 FRBNY letter reported on by Reuters as well as the policy reportedly referenced therein, (ii) equivalent documentation concerning the FRBNY's 2022 decision to terminate BSJI's master account as the FRBNY had already committed to produce for its 2023 decision, and (iii) all communications between the FRBNY and the Board regarding the 2022 and 2023 BSJI account closure decisions, rather than the one exchange in a vacuum the FRBNY offered to produce. The FRBNY rejected this proposal. On August 8, 2023, the parties agreed they were at an impasse.

**Basis for Expedited Production of the Administrative Record**: In determining whether expedited discovery is warranted, courts employ a "flexible standard of reasonableness and good cause. . . ." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).[1] This showing is readily met by BSJI.

BSJI has brought claims based on the FRBNY's and the Board's arbitrary and capricious decision-making and lack of good faith in their dealings with the bank. Equally, BSJI has alleged that the FRBNY's evolving grounds for terminating its master account are pretextual and that, for years, the FRBNY has been determined to close BSJI's master account without proper basis. The FRBNY, unsurprisingly, disagrees with BSJI's claims. T.R.O. Hr'g Tr. at 31:13-14 (July 26, 2023).

These disputes are indisputably fact-driven and will inform this Court's assessment of BSJI's likelihood of success on the merits of its APA, and its contractual and due process claims and, thus, BSJI's preliminary injunction motion. The importance of the FRBNY's documentation of the 2022 and 2023 decisions to close BSJI's master account is self-evident: indeed, the FRBNY itself acknowledged that it would use certain of the documents BSJI requested in opposing BSJI's request for injunctive relief. But the FRBNY and the Board hold all the cards: they alone are in possession of materials detailing how they arrived at the decisions to terminate BSJI's master

---

[1] BSJI recognizes that courts within this district have previously applied the four-part test articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), a similar analysis to this court's standard for injunctive relief, in determining whether expedited discovery is warranted. While this "test has fallen out of favor in this Circuit in recent years" (*SingularDTV, GmbH v. Doe*, No. 21-cv-6000, 2022 WL 16852213 at n. 10 (S.D.N.Y. 2022)), BSJI respectfully submits that, for the reasons articulated here and in its Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 7), its request readily meets the *Notaro* standard as well.

account, whether supportive of their position or not. These documents will better "enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing," and the FRBNY and the Board should not be permitted to withhold those materials and produce only four documents supportive of their position. *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig.*, 2014 WL 12959675 at *2 (S.D.N.Y. July 23, 2014). Indeed, if the FRBNY and the Board had non-pretextual reasons to close BSJI's master account in 2022 and 2023, one would expect they would welcome production of the documents evidencing this.

As BSJI understands it, the FRBNY's primary argument against discovery now is that having been alleged to be an agency of the federal government, it is immune from traditional civil discovery. BSJI disputes this claim, particularly given that the FRBNY is all but certain to argue that it is not an agency in its opposition papers (as other Federal Reserve banks have done in similar litigation, *see, e.g.*, *Custodia Bank Inc v. Fed. Reserve Bd. of Governors*, No. 1:22-cv-00125 (D. Wyo. Aug. 16, 2022)). But that is of no moment here.

Accepting the FRBNY's premise that the general rules of discovery do not apply to it, the FRBNY is still obligated to produce the administrative record. This record consists of the "full record that was before the agency . . . at the time of the decision": namely, all materials that were "directly or indirectly considered." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308–09 (S.D.N.Y. 2012). The materials BSJI has requested are encompassed within the administrative record as they reflect the decision-making process. Indeed, the FRBNY has all but admitted the point given its express intention to file certain requested materials concerning its 2023 termination decision; it simply refuses to produce any materials other than what it has selectively chosen. To the extent the FRBNY claims that the 2022 materials and 2019 letter and policy are somehow outside the administrative record, extra-record discovery is appropriate because BSJI has presented evidence in its motion papers demonstrating that the 2023 improper termination decision is a continuation of an ongoing, capricious campaign to shutter BSJI's account, including the efforts taken in 2019 and 2022.[2] *See, e.g.*, H. Vázquez Decl. ¶¶ 28-63 (ECF No. 10); W. Isaac Decl. ¶¶ 9-17 (ECF No. 11); M. Vardy Decl. ¶ 10 (ECF No. 17).

Although expedited discovery of the full administrative record is appropriate in the context of preliminary injunction motions, *see Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 289 (D.D.C. 2011), BSJI does not seek the full administrative record now. Instead, it has proffered narrowly tailored requests, which the FRBNY has rejected. But the FRBNY does not possess a right to unilaterally wield the factual record to its benefit in preliminary injunction proceedings, and BSJI respectfully requests a pre-motion discovery conference to resolve this dispute.

Respectfully submitted,

/s/ Abbe D. Lowell

---

[2] Recall that the FRBNY intended to close BSJI's master account on September 29, 2022 and paused the implementation of that decision only when advised by BSJI that BSJI intended to bring the issue to court. The FRBNY then sought to reinvent its rationale, sending BSJI a Request for Information and thereafter converting an outside auditors' recommended enhancements into purported deficiencies. In all events, the decision to close the master account began no later than the summer of 2022, prior to BSJI's receipt of the FRBNY's July 18, 2022 closure letter, and likely much earlier as part of a broader policy relating to the FRBNY's treatment of Puerto Rican IBEs.

Abbe David Lowell
Kelly A. Librera

WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
ADLowell@winston.com
KLibrera@winston.com
Tel.: 1-212 294-6700
Fax: 1-212-294-4700

*Counsel for Banco San Juan Internacional,
Inc.*

cc:    Counsel for All Parties (via ECF)