

# BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
## WASHINGTON, DC 20551

August 11, 2023

By ECF
Hon. John G. Koeltl
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Banco San Juan Internacional, Inc. v. Federal Reserve Bank of New York,*
> No. 23-cv-6414 (JGK) (JLC)

Dear Judge Koeltl:

I write in advance of today's telephonic conference on behalf of Defendant Board of Governors of the Federal Reserve System ("Board") to respond to the August 9, 2023 letter motion from Plaintiff Banco San Juan Internacional, Inc. ("BSJI") seeking expedited discovery. ECF 30. Although BSJI has not sought documents directly from the Board, and explicitly frames its request as directed to the Federal Reserve Bank of New York ("FRBNY"), the Board offers these views in an abundance of caution and to assist the Court.

As discussed in more detail below, in record review cases such as this, it is common that the full administrative record is not produced for purposes of adjudicating a motion for preliminary injunctive relief. Here, BSJI will have in its possession the memoranda explaining the decision by FRBNY to close its master account, and it may rebut the reasons in those memoranda using its own internal documents. In addition, threshold arguments for dismissal, which will be made in forthcoming motions to dismiss, should be adjudicated before any full record is compiled and produced. Accordingly, the Board respectfully requests that the Court deny BSJI's motion.

**The Board does not open or close master accounts:** The Federal Reserve System consists of the Board, the Federal Open Market Committee, and twelve regional Federal Reserve Banks that serve financial institutions in their respective districts. Reserve Banks serve as "bankers' banks" and are authorized by statute to provide various banking services. *See generally* 12 U.S.C. §§ 341-61. The Reserve Banks offer depository services through master accounts, which are deposit accounts maintained by a depository institution at its regional Reserve Bank.

The Board, a federal government agency and not a bank, has neither the ability nor statutory authority to receive deposits or carry out activities such as check clearing, wire transfers, automated clearing house services, currency and coin services, and other services appurtenant to the business of banking that Congress has vested in the Reserve Banks. *See, e.g.*, 12 U.S.C. §§ 342, 343, 347, 347c, 347d, 355(1).  In providing general oversight of the activities

of the Reserve Banks (*see generally id.* § 248(j)), the Board may issue guidance with regard to opening master accounts and providing services, but the Board itself has no ability to open a master account and does not grant or deny a particular financial institution's request to open an account. Rather, Reserve Banks engage in contractual account relationships and retain discretion with respect to those relationships.

**The Complaint's allegations confirm that only FRBNY can open or close BSJI's master account:** Consistent with the fact that the Board does not open or close master accounts, BSJI's Complaint centers on its claim that FRBNY is improperly terminating BSJI's master account. The Complaint contains very few allegations directed toward the Board, and the small number of allegations directed toward the Board do not make clear why the Board is a proper party to this case. For example, the Complaint alleges that the Board provided general guidance for Reserve Banks to use in making master account decisions, but the Complaint then acknowledges that this guidance "state[s] that the Federal Reserve Banks, including the FRBNY, have ultimate decision-making discretion on master account access." Complaint ¶ 103.

As the Complaint describes, at one point, BSJI's outside consultant tried to get the Board to intervene to try to stop FRBNY from closing BSJI's master account. Complaint ¶ 105. Yet the Board refused to intervene in the dispute according to this allegation, noting that the decision was FRBNY's to make. *Id.* As that consultant details:

> In a series of emails with legal counsel for the Board of Governors of the Federal Reserve System in Washington, D.C., people whom I respect, I asked for an "internal appellate avenue," [but] . . . Counsel for the Board of Governors advised . . . that the FRBNY "has discretion over BSJI's master account and access to Federal Reserve services."

ECF 11 ¶ 12. Thus, the Complaint is lacking in any proper justification for naming the Board as a defendant. Rather, the Complaint's allegations support that any decisions regarding BSJI's account rest with FRBNY.

**Production of a full administrative record is inappropriate at this juncture:** Because BSJI has asserted Administrative Procedure Act ("APA") claims against the Board (and FRBNY), this case proceeds by review of an administrative record:

> When a plaintiff seeks to "hold unlawful and set aside agency action" under the APA, the district court essentially sits as an appellate tribunal, reviewing the administrative record compiled by that agency when it made the decision and determining whether, for example, the agency's action was "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with the law," or "contrary to constitutional right, power, privilege, or immunity."

*Saleh v. Blinken*, No. 22-1168, 2023 WL 5091819, at *1 (2d Cir. Aug. 9, 2023) (quoting 5 U.S.C. § 706(2)(A)-(B)). Because the district court in an APA case "sits not as a fact-finder, but as a reviewing court, discovery is generally not permitted." *Hadwan v. United States Dep't of State*, No. 17-CV-578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021) (quotations omitted).

In the context of motions for preliminary injunctions, it is common that courts do not have the full administrative record before them. *See, e.g., Ragbir v. Homan*, No. 18-CV-1159 (PKC), 2018 WL 11365231, at *2 (S.D.N.Y. Mar. 26, 2018) (denying motion to obtain a full administrative record or pursue expedited discovery for purposes of preliminary injunction briefing); *Earth Island Inst. v. Nash*, 607 F. Supp. 3d 1056, 1079 (E.D. Cal. 2022) (noting that

the court did not have before it a comprehensive administrative record when deciding a motion for preliminary injunctive relief); *C&E Servs., Inc. v. United States*, 160 Fed. Cl. 182, 190 (2022) (noting, in deciding a preliminary injunction motion, that "[t]he court . . . does not have before it the complete administrative record"); *Sirius Fed., LLC v. United States*, 153 Fed. Cl. 410, 426 (2021) (deciding motion for preliminary injunction without a full administrative record). Indeed, as one court aptly noted in deciding a motion for a preliminary injunction before the full record had been produced:

> I am at this stage required only to estimate Plaintiffs' likelihood of success, not to resolve the merits in a conclusory fashion. . . . This is review of a preliminary injunction, not a motion for final judgment on the administrative record.

*Sierra Club v. United States Army Corps of Engineers*, No. 2:20-CV-00396-LEW, 2020 WL 7389744, at *14 (D. Me. Dec. 16, 2020), *aff'd*, 997 F.3d 395 (1st Cir. 2021) (affirming denial of preliminary injunction).

Here, to the extent factual documents are needed to adjudicate the preliminary injunction motion, those documents are being provided by FRBNY. Specifically, FRBNY has agreed to voluntarily provide BSJI with the two memoranda memorializing the closure decision, policies and procedures upon which the decision was based, and communications FRBNY had with the Board about the closure decision. To the extent BSJI wants to attack the bases for FRBNY's decision to close the master account, BSJI is in possession of the documents needed to do so, such as its own records of its customers' transactions and other internal documents relating to its customers' accounts. Nothing more is needed at this early stage of the proceedings.

Moreover, as courts have noted, it is inappropriate to order production of a full administrative record where there may be threshold arguments for dismissal. *See, e.g.*, *In re United States*, 138 S. Ct. 443, 445 (2017); *Ragbir*, 2018 WL 11365231, at *2. For example, in *In re United States*, the U.S. Supreme Court vacated an order requiring the government to produce a full administrative record, writing as follows:

> Under the specific facts of this case, the District Court should have . . . first resolved the Government's threshold arguments (that the Acting Secretary's determination . . . is unreviewable because it is 'committed to agency discretion,' . . . and that the Immigration and Nationality Act deprives the District Court of jurisdiction). Either of those arguments, if accepted, likely would eliminate the need for the District Court to examine a complete administrative record.

138 S. Ct. at 445. So too here: as described above, the Board has valid bases for dismissal, and FRBNY has previously articulated why the claims against it are invalid (ECF 22).

For these reasons, the Board respectfully requests that BSJI's motion be denied.

Respectfully submitted,


 /s/ *Joshua P. Chadwick*
Joshua P. Chadwick
Board of Governors of the Federal Reserve System