FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**MICHAEL M. BRENNAN**
ASSISTANT GENERAL COUNSEL

August 11, 2023

VIA ECF
The Hon. John G. Koeltl
United States District Court
for the Southern District of New York
500 Pearl Street,
New York, NY 10007

      Re:    *Banco San Juan Internacional, Inc. v. Federal Reserve Bank of New York*,
             No. 23-cv-6414 (JGK) (JLC)

Dear Judge Koeltl:

    I am in-house counsel to the Federal Reserve Bank of New York (the "New York Fed") and write in opposition to Banco San Juan Internacional, Inc.'s ("BSJI") letter motion, dated August 9, 2023 (ECF No. 30).  BSJI requests permission to pursue expedited overbroad and irrelevant discovery that is unnecessary to resolve its preliminary injunction motion, which seeks to block the New York Fed's closure of BSJI's account due to the undue money laundering and compliance risk it poses.  The New York Fed has already provided or offered to provide BSJI the documentation memorializing its closure decision; there is no good cause to permit BSJI to demand more.

    **Background:**  The New York Fed is a federal instrumentality established pursuant to the Federal Reserve Act of 1913 ("FRA"), 12 U.S.C. § 221 *et seq*.  It is an operating arm of the Federal Reserve System, the nation's central bank.  The FRA mandates that Federal Reserve Banks, including the New York Fed, serve the public interest by, among other things, providing the nation with a stable financial system.  *Starr Int'l Co. v. Fed. Reserve Bank of N.Y.*, 906 F. Supp. 2d 202, 232 (S.D.N.Y. 2012), *aff'd* 742 F.3d 37 (2d Cir. 2014).

    The basis for the New York Fed's closure decision is documented, clear, and known to BSJI.  The New York Fed conducted a review earlier this year that (i) revealed that BSJI's account had processed numerous high-risk transactions suggestive of illicit activity; and (ii) identified deficiencies in BSJI's compliance programs, including about its anti-money laundering controls, that reinforced those transactional concerns.  The New York Fed determined BSJI's access to a New York Fed master account and financial services posed undue risk of facilitating illicit activity and decided to exercise its express contract rights permitting closure.  The New York Fed did not keep its grounds for closure secret; it communicated them to BSJI in a detailed letter on April 24, 2023.  After BSJI disagreed with the decision and provided additional information, the New York Fed reviewed it and held a call with BSJI. Upon completing its

FEDERAL RESERVE BANK *of* NEW YORK

Hon. John G. Koeltl
August 11, 2023
2

review, the New York Fed sent BSJI a further letter, on June 30, 2023, explaining why the New York Fed's risk concerns remained unresolved and confirming that closure would proceed on July 31, 2023 (unless BSJI needed additional time to wind down its account use).

BSJI brought this action to thwart the closure of its account. Most of BSJI's causes of action hinge on a purely legal challenge to the New York Fed's legal authority to close its account under the FRA. BSJI also contends that the closure is "arbitrary and capricious" under the APA (notwithstanding the New York Fed's well-documented contractual rights and that the New York Fed is not a federal agency). BSJI further asserts two "good faith" contract claims based on an *unexecuted* form of agreement that is not a valid contract and that are irreconcilable with actual contracts permitting closure here.

**BSJI's Overbroad Demands:** During a recent briefing schedule discussion BSJI demanded the New York Fed provide three wide-ranging vague categories of documents: (i) all "documents concerning" any "purported justifications for closing BSJI's master account," including "but not limited to" years' old letters unrelated to the closure decision; (ii) all "Documents concerning" various "policies and practices;" and (iii) all "[c]ommunications between FRBNY and the Board" regarding BSJI). Dkt. No 30 at 1-2. The New York Fed objected both on relevancy grounds, because BSJI seeks information unrelated to the closure decision; and on overbreadth and burden grounds, because the requests would require extensive document and email review not possible in this posture. The New York Fed also pointed out that BSJI's insistence on civil discovery is incompatible with its claim that the New York Fed is a federal "agency" under the APA, under which civil discovery is not permitted.

To avoid unnecessary disputes and in a gesture of good faith, the New York Fed agreed to voluntarily provide BSJI with documentation responsive to all three of its requests, including the two memoranda memorializing the closure decision; policies and procedures upon which the decision was based (which are largely public, given the New York Fed's nature); and communications with the Board of Governors on the closure decision. While those documents comprehensively set forth the grounds for the decision—and include the essential core of any administrative record—BSJI now demands that the New York Fed also provide (i) a 2019 letter reported on by the press that was not considered in the closure decision; (ii) documentation related to a prior closure decision in 2022 that was never effectuated;[1] and (iii) *all* communications between BSJI and the Board of Governors "regarding" the closure decision as well as the 2022 planned closure that was never carried out.

---

[1] In 2022, the New York Fed informed BSJI that it would close BSJI's account after it failed to timely submit required independent assessments of its compliance controls, in violation of its contract with the New York Fed. BSJI subsequently submitted these assessments, so the New York Fed did not carry out that planned closure. This sequence of events is known to BSJI and is described in the materials the New York Fed has agreed to voluntarily provide BSJI, making the production of additional materials concerning that separate, nonfinal decision all the more unwarranted here.

FEDERAL RESERVE BANK *of* NEW YORK

Hon. John G. Koeltl
August 11, 2023
3

**BSJI's Requested Expedited Discovery Is Unwarranted:** Under Federal Rule 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts in this circuit require the requesting party to either meet a "good cause" standard by proving "that the requests are reasonable under the circumstances," or demonstrate "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Levy v. Young Adult Institute, Inc.*, 2015 WL 170442, at *6 (S.D.N.Y. Jan. 13, 2015) (citation omitted). BSJI cannot satisfy either standard.

*First*, the New York Fed has already offered documents comprehensively setting forth the grounds for account closure. There is no basis for BSJI—especially in this expedited and preliminary context—to require the New York Fed to search for and produce documents unrelated to the closure decision at issue, or for the New York Fed to collect and review all emails with the Board of Governors concerning both this closure decision and a prior decision never carried out. Nor can BSJI baldly assert "pretext" or "bad faith" to demand irrelevant and burdensome expedited discovery; if claiming pretext were enough to warrant expedited discovery, it would be the norm not the exception that it is. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (rejecting expedited requests not "narrowly tailored to reveal information related to the preliminary injunction"). BSJI may disagree with the New York Fed's risk-based decision, but this case is not about dueling risk assessments—it is about whether the New York Fed has authority to act based on its risk assessment, which it has offered to provide.

*Second*, BSJI's expansive and irrelevant discovery requests would impose an excessive burden on the New York Fed as it seeks to prepare its opposition papers, delay the resolution of BSJI's pending motion despite the New York Fed's risk concerns, and permit BSJI to go on a fishing expedition that exceeds the bounds of relevancy, all in service of obtaining documents that are unnecessary for the Court to resolve that motion. This Court routinely rejects such impractical, burdensome, and unnecessary efforts to obtain expedited discovery. *See Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (Koeltl, J.) (denying expedited requests "not reasonably tailored to the time constraints under which both parties must proceed or to the specific issues" related to resolving the preliminary injunction motion.); *Doe 1 Congregation of the Sacred Hearts of Jesus & Mary*, 21-CV-6865 (VSB), 2022 WL 2901403, at *3 (S.D.N.Y. July 22, 2022) (denying request for expedited discovery that would require defendant to "expeditiously" comply with "broad requests" as "unduly burdensome" and "unreasonable at this point in the litigation"). The Court should do so here.

Respectfully submitted,

/s/ Michael Brennan