# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN

ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
  RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
CATHERINE S. GRIMM
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
  RESIDENT COUNSEL

August 22, 2023

VIA ECF

The Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street,
New York, NY 10007

```
Application granted. SO ORDERED.

New York, New York          /s/ John G. Koeltl
August 23, 2023          John G. Koeltl, U.S.D.J.
```

Re:     *Banco San Juan Internacional, Inc. v. Federal Reserve Bank of New York*,
        No. 23-cv-6414 (JGK) (JLC)

Dear Judge Koeltl:

      I write pursuant to Section VI.2 of the Court's Individual Practices to request leave to file under seal certain information in support of the New York Fed's opposition to Plaintiff Banco San Juan Internacional, Inc's ("BSJI") motion for a preliminary injunction, filed July 25, 2023 ("PI Motion").  The parties have conferred and BSJI does not object to this motion.

      In particular, the New York Fed seeks permission to file (i) a redacted version of its memorandum of law in opposition to the PI Motion (the "Opposition"), and (ii) under seal or redact portions of Exhibits H, J, K, L, M, N, R, S, and T of the Declaration of Michael Brennan, which contain non-public, commercial information about BSJI, including recent financial data, information about its compliance program, references to supervisory information, and information specific to BSJI's customers and customer transaction activity.

      At the outset of this matter, before it was assigned to Your Honor, BSJI received permission to redact or file under seal "highly sensitive, confidential information concerning

The Honorable John G. Koeltl, p.2

BSJI's operations, clients, and interactions with its regulator."[1]  The redacted or sealed material relates to "personal, financial information concerning BSJI's customers and their accounts," "non-public information exchanged with BSJI's Supervisor, the Office of the Commissioner of Financial Institutions of Puerto Rico," and "commercial information about BSJI's operations contained in several private examiners' reports."  Given that BSJI has redacted or filed under seal these categories of information claiming that their disclosure would cause competitive harm, in an abundance of caution, the New York Fed seeks permission to file the same types of information (and in at least one case, the same communication) under seal.

The Second Circuit has established a three-part test to determine whether documents may be placed under seal.  *See City of Providence v. BATS Global Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at * 1 (S.D.N.Y. Feb. 23, 2022) (*citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  First, the court must determine whether the documents are "judicial documents" and that "therefore a common law presumption of access attaches."  *Id.*  Second, once the court concludes that the documents are judicial documents and a presumption of access attaches, the court "must determine the weight of that presumption."  *Id.*  Third, "the court must balance competing considerations against the presumption of access, including the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* (internal quotation marks omitted).  To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents.  *See Lugosch*, 435 F.3d at 119-120.

Confidential customer information is the type of information that courts have determined implicates privacy interests of third parties that outweigh the presumption of access.  *See, e.g.*, *City of Providence*, at *2 (granting motion to seal spreadsheet containing customer revenue and business development strategy presentation containing confidential customer information); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, at * 2 (S.D.N.Y Sept. 30, 2020) (granting motion to seal "customer information, including their identities and purchases"); *Saint-Jean v. Emigrant Mortgage Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775, at * 4 (E.D.N.Y. May 24, 2016) (granting motion to redact "customer names, Social Security numbers, loan numbers, addresses, telephone numbers, loan terms, and/or other information regarding Emigrant's customers").  Similarly, Courts have granted motions to seal commercially sensitive information, which, if disclosed, would cause competitive harm.  *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy).

The New York Fed has narrowly tailored its request to file exhibits under seal and redact references to those exhibits in its Opposition to protect the privacy interests of third parties and prevent any purported competitive harm claimed by BSJI by disclosing commercially sensitive information.

---

[1]  *See* BSJI's Memorandum of Law in Support of Plaintiff's Motion for Leave to File Redacted Complaint and Order to Show Cause for Temporary Restraining Order at 1-2 (1:23-mc-000241-LAP ("Miscellaneous Case") Entry No. 1) and Miscellaneous Case Entry No. 3.

The Honorable John G. Koeltl, p.2

      Given the foregoing, the New York Fed respectfully submits that there is good cause to grant its motion for leave to file under seal.

                                              Respectfully submitted,

                                              Carmine D. Boccuzzi, Jr.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza, New York, NY 10006
T: 212-225-2508  F: 212-225-3999
cboccuzzi@cgsh.com

*Counsel for Defendant*
*Federal Reserve Bank of New York*

Cc:  All counsel of record (via ECF)