# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**MICHELE KALSTEIN**
ASSISTANT GENERAL COUNSEL

August 29, 2023

VIA ECF
The Hon. John G. Koeltl
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Banco San Juan Internacional, Inc. v. Federal Reserve Bank of New York*,
              No. 23-cv-6414 (JGK) (JLC)

Dear Judge Koeltl:

      I write on behalf of the Federal Reserve Bank of New York ("FRBNY") in response to Banco San Juan Internacional, Inc.'s ("BSJI") letter dated August 25, 2023, Dkt. No. 61, seeking "clarification from the Court" to require additional disclosure from the FRBNY.

      As the Court is aware, the FRBNY has already provided BSJI with documents concerning its spring 2023 conclusion that it must close BSJI's master account due to concrete concerns that BSJI's account access exposes the FRBNY, an operating arm of the nation's central bank, and the U.S. financial system to unacceptable, ongoing risk of facilitating illicit activity.  The FRBNY reached this conclusion after conducting a thorough review of BSJI's account activity and anti-money laundering ("AML") programs.  The review identified both concerning transactions suggestive of illicit activity and compliance program deficiencies, which were documented in two internal memoranda dated March 31, 2023 and April 1, 2023.  The FRBNY communicated its decision to BSJI in detailed letters dated April 24, 2023 and June 30, 2023.  BSJI sued to challenge the FRBNY's closure decision and seeks a preliminary injunction to force the FRBNY to keep open BSJI's master account despite the FRBNY's concerns.

      BSJI sought broad disclosure in connection with its preliminary injunction motion.  The FRBNY voluntarily agreed to provide BSJI with the two internal memoranda upon which the 2023 closure decision was based, as well as the notice it had provided to the Board of Governors prior to informing BSJI of its decision and the Board of Governors' response.  These documents have now been filed with the Court in support of the FRBNY's brief in opposition to BSJI's preliminary injunction motion. [1]

---

[1] BSJI stated that it did not attach the two 2023 memoranda to its letter "[i]n deference to [the New York Fed's] claim of confidentiality."  The FRBNY sought leave to file these memoranda under seal in response to concerns that BSJI itself had raised regarding purportedly sensitive

FEDERAL RESERVE BANK *of* NEW YORK

Hon. John G. Koeltl<br>
August 29, 2023<br>
2

BSJI has repeatedly sought to broaden both the timeframe and scope of this disclosure. Among other things, BSJI asked the Court to order production of "all communications between the FRBNY and the Board," Dkt. 30 at 2, concerning the FRBNY's July 18, 2022 decision to close BSJI's master account after BSJI failed to provide three required annual independent compliance program assessments for its Bank Secrecy Act, AML and OFAC compliance programs that were due in June 2022. (This decision was not effectuated after BSJI produced the delinquent reports before the stated closure deadline.)

At the August 11, 2023 conference, the Court did not grant BSJI's overly broad request. Similar to what the FRBNY provided concerning its decision in 2023, the Court instructed the FRBNY to "check if there are any documents from the [FRBNY] to the Fed seeking a decision to close the account and getting a response from the Fed" and "produce them if there are." (Tr. at 12-13.) In addition, the Court instructed that "[i]f there is a memo justifying the recommendation, if there is such a recommendation from the [FRBNY] to the Fed, a memo justifying that decision, that memo should be produced" unless privileged. (Tr. at 13.)

The FRBNY has complied fully with the Court's instruction. As BSJI acknowledges, the FRBNY confirmed to BSJI that there was no recommendation from the FRBNY to the Board to close BSJI's account in July 2022, and that no memoranda exist supporting such a recommendation to the Board.

BSJI's August 25 Letter

In its August 25 letter, BSJI seeks to go beyond the scope of the information covered by the Court's instruction and seeks "internal FRBNY memoranda supporting the 2022 closure decision . . . like the" memoranda the FRBNY agreed to provide BSJI in connection with the 2023 closure decision at issue in this case.

Had BSJI engaged the FRBNY further before writing to the Court, the FRBNY would have had the opportunity to make clear that based on its review to date, there are no equivalent decisional memoranda on which the July 2022 decision to close BSJI's master account was based. The absence of such memoranda is consistent with the fact that the decision was based on a breach of contractual obligations that is clear from the plain text of the contract. Declaration of Michael M. Brennan ("Brennan Decl.") dated August 22, 2023, Dkt. No. 53, Ex. D at 4 (BSJI "shall deliver to [the New York Fed] . . . annually" its three required compliance program assessments); *see also* BSJI Brief at 9, Dkt. No. 7 (stating that BSJI had last submitted its annual

---

information related to its business operations, internal anti-money laundering compliance programs, and customers' identities and account activity. If BSJI now claims that this information is not sensitive, the FRBNY will modify its motion for leave to seal to exclude the two 2023 memoranda.

**FEDERAL RESERVE BANK** *of* **NEW YORK**

Hon. John G. Koeltl<br>
August 29, 2023<br>
3

reports in June 2021).  The letter that the FRBNY sent BSJI on July 18, 2022, which BSJI already has, describes the breach and provides notice of the planned closure, Brennan Decl. Ex. O.

    We believe this resolves the issue.  To the extent BSJI wishes to discuss further, however, the FRBNY remains willing to meet and confer.

                      Respectfully submitted,

                      /s/ Michele Kalstein