# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

VIA ECF

March 22, 2024

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***Banco San Juan Internacional, Inc. v. the Federal Reserve Bank of New York and the Board of Governors of the Federal Reserve System*, Case No. 1:23-cv-6414 (JGK)**

Dear Judge Koeltl:

I represent Defendant Federal Reserve Bank of New York (the "FRBNY"). I write pursuant to Section VI.2 of the Court's Individual Practices to request leave to file under seal certain information in support of the FRBNY's motion to dismiss Plaintiff Banco San Juan Internacional, Inc.'s ("BSJI") amended complaint, ECF 124. The parties have conferred and BSJI does not object to this motion.

In particular, the FRBNY seeks permission to file under seal Exhibit F of the Declaration of Michael M. Brennan, which is an FRBNY memorandum dated March 31, 2023 that assesses the risk posed by BSJI's access to an FRBNY master account and financial services. The memorandum contains non-public references to supervisory information and information specific to BSJI's customers and customer transaction activity.

The Court previously granted the FRBNY's request to file this same document under seal in connection with the FRBNY's opposition to BSJI's preliminary injunction motion (as Exhibit N to the August 22, 2023 Declaration of Michael M. Brennan). ECF 60. In making that request, the FRBNY noted that, among other things, the Court had so-ordered the sealing of documents filed by BSJI containing similar categories of information, including information that relates to "personal, financial information concerning BSJI's customers and their accounts" and "non-public information exchanged with BSJI's Supervisor, the Office of the Commissioner of Financial Institutions of Puerto Rico." *Id.* To maintain consistency with those prior rulings, the FRBNY seeks permission to file this document under seal once more.

The Second Circuit has established a three-part test to determine whether documents may be placed under seal. *See City of Providence v. BATS Global Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at * 1 (S.D.N.Y. Feb. 2, 2023) (citing *Lugosch v.*

Simpson Thacher & Bartlett LLP

The Honorable John G. Koeltl  - 2 -  March 22, 2024

*Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  First, the court must determine whether the documents are "judicial documents" and that "therefore a common law presumption of access attaches."  *Id.*  Second, once the court concludes that the documents are judicial documents and a presumption of access attaches, the court "must determine the weight of that presumption."  *Id.*  Third, "the court must balance competing considerations against the presumption of access, including the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* (internal quotation marks omitted).  To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents.  *See Lugosch*, 435 F.3d at 119-120.

Confidential customer information is the type of information that courts have determined implicates privacy interests of third parties that outweigh the presumption of access.  *See, e.g.*, *City of Providence*, at *2 (granting motion to seal spreadsheet containing customer revenue and business development strategy presentation containing confidential customer information); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, at * 2 (S.D.N.Y Sept. 30, 2020) (granting motion to seal "customer information, including their identities and purchases"); *Saint-Jean v. Emigrant Mortgage Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775, at * 4 (E.D.N.Y. May 24, 2016) (granting motion to redact "customer names, Social Security numbers, loan numbers, addresses, telephone numbers, loan terms, and/or other information regarding Emigrant's customers").  Similarly, Courts have granted motions to seal commercially sensitive information, which, if disclosed, would cause competitive harm.  *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal license agreements, invoices, and documents relating to marketing strategy).

These categories of information are interwoven throughout Exhibit F.  Given the foregoing, and the Court's prior sealing of the same document, the FRBNY submits that there is good cause to grant its motion for leave to file under seal.

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc:   All Counsel of Record via ECF.