December 17, 2024

**Via ECF**

The Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *BSJI v. Federal Reserve Bank of New York*, No. 23-cv-6414 (JGK)

Dear Judge Koeltl:

      We write in response to Plaintiff BSJI's supplemental letter (ECF 150, "Letter"). *First*, there is no "statutory basis or other basis for a due process claim" here. Dec. 12, 2024 Hr'g Tr. 49:19-20. "There is no private cause of action for damages arising from an alleged deprivation of [due process] against either federal agencies, *see FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994), or private corporations acting under color of federal law, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–72 (2001)." *Starr Int'l Co. v. Fed. Resrv. Bank of N.Y.*, 906 F. Supp. 2d 202, 253 (S.D.N.Y. 2012). There is also no private right of action under the MCA. The MCA "makes no reference to Master Accounts, much less commands … the opening of a master account for every institution." ECF 106, at 19; *see also Olmsted v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 433 (2d Cir. 2002) (statutes should not be presumed to create private right of action). The out-of-circuit *Weiser* case BSJI cites involves an inapposite provision of the MCA and has no application here.

      *Second*, discovery would not "lead to the production of probative materials," Letter at 2, because BSJI's claims are legally deficient. The discovery permitted in *Custodia* was not necessary to dispose of that action, because, as here, the "statutory construction analysis … control[led] the outcome," without any "need [to] make any factual determination." *Custodia Bank, Inc. v. Fed. Rsrv. Bd. of Governors*, 728 F. Supp. 3d 1227, 1239 (D. Wyo. 2024).

      *Third*, BSJI is wrong that FRBNY's express termination rights under Operating Circular 1 are limited by the implied covenant of good faith. *See* ECF 131, at 20-22 & ECF 142, at 8. Nor does the amended complaint ("AC") sufficiently plead an implied covenant claim. BSJI does not plausibly allege that FRBNY's closure of its account due to significant money-laundering concerns was arbitrary or in bad faith. The AC baldly asserts that the closure was part of a Federal Reserve scheme to deny access to novel or special-purpose financial institutions. ECF 121, ¶ 14. That unsupported allegation is implausible in light of the documents incorporated into the AC detailing the numerous red flags for money laundering identified in BSJI's account activity. BSJI now asserts for the first time that "nine of ten IBEs owned by Venezuelan nationals have lost their master accounts since 2021." Letter at 2. That conclusory allegation about *other* institutions cannot save BSJI's contract claims, including because it does not plausibly suggest that FRBNY's risk-based closure of BSJI's account pursuant to its express termination rights was arbitrary or improper.

      *Finally*, BSJI's discussion of correspondent banking as an alternative means of accessing Reserve Bank services is irrelevant to the questions before the Court. Regardless, BSJI fails to mention that, historically, the majority of IBEs and IFEs have operated through correspondent banking relationships without access to a master account in their own name. *See* ECF 51 ¶ 14.

Respectfully submitted,

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood
Meredith Karp
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
T: (212) 455-2000
F: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

*Counsel for Defendant*
*Federal Reserve Bank of New York*

 /s/ *Joshua P. Chadwick*
Joshua P. Chadwick (JC9369), Assistant General Counsel
Nicholas Jabbour (*pro hac vice*), Senior Counsel
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Defendant Board of Governors of the*
*Federal Reserve System*