```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
BANCO SAN JUAN INTERNACIONAL, INC.,

                 Plaintiff,                  23-cv-6414 (JGK)

      - against -                            MEMORANDUM OPINION AND
                                             ORDER
THE FEDERAL RESERVE BANK OF NEW
YORK, ET AL.,

                 Defendants.
--------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Banco San Juan Internacional, Inc. ("BSJI"), a Puerto Rico International Banking Entity ("IBE"), brought this action against the defendants, the Federal Reserve Bank of New York ("FRBNY") and the Board of Governors of the Federal Reserve System ("Board"), alleging that the defendants wrongfully terminated BSJI's master account with the FRBNY (the "Master Account").

On January 8, 2025, this Court granted the defendants' motions to dismiss and dismissed without prejudice the claims alleged in BSJI's First Amended Complaint. ECF No. 152. The Court assumes familiarity with that Opinion & Order and the procedural history leading up to the decision. Banco San Juan Internacional, Inc. v. The Fed. Reserve Bank of New York, --- F. Supp. 3d ----, 2025 WL 44259, at *15 (S.D.N.Y. Jan. 8, 2025) ("BSJI II").

1

BSJI now moves for leave to amend, seeking to file the proposed Second Amended Complaint ("PSAC"). For the following reasons, BSJI's motion for leave to amend is **denied**.

I.

Leave to amend should be freely granted "when justice so requires." See Fed. R. Civ. P. 15(a)(2).[1] However, "[p]roposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017). In evaluating futility, a court must consider both the proposed amendments and the original complaint, "accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017).

II.

BSJI proposes the addition of two claims. First, in proposed Count II, BSJI alleges that the Board issued the Guidelines for Evaluating Account and Service Requests ("Guidelines") without statutory authority in violation of

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

section 248a of the Federal Reserve Act ("FRA"), 12 U.S.C. § 248a, and in doing so, acted arbitrarily, capriciously, and abused its discretion in violation of section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. PSAC ¶¶ 186-93, ECF No. 154-1. Second, in proposed Count VIII, BSJI alleges that the FRBNY discriminated against BSJI on the basis of BSJI's Venezuelan national origin, in violation of the Fifth Amendment to the United States Constitution. PSAC ¶¶ 228-33.

Because the two proposed counts fail to assert a claim to relief that is plausible on its face, see Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007), and for the additional reasons provided below, the proposed amendments are futile, and thus leave to amend must be denied. See Boyette v. Montefiore Med. Ctr., No. 22-cv-5280, 2024 WL 1484115, at *4 (S.D.N.Y. Apr. 5, 2024).

### III.

Proposed Count II alleges that the Board violated section 248a of the FRA and section 706 of the APA. Each alleged violation is addressed in turn.

With respect to the FRA, BSJI II renders futile the proposed amendment. "The law of the case doctrine forecloses reconsideration of issues that were decided . . . during prior proceedings." Doe v. E. Lyme Bd. of Educ., 962 F.3d 649, 662 (2d Cir. 2020). "[W]hen a court has ruled on an issue, that decision

3

should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009). "Cogent and compelling reasons . . . may include an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 21 (2d Cir. 2021).

BSJI II ruled that under the FRA, "a Federal Reserve bank 'may' grant, deny, or close, in the Federal Reserve bank's discretion, any master account." 2025 WL 44259, at *9 (quoting 12 U.S.C. § 342). BSJI II also held that "nothing in section 248a(c)(2) disturbs the discretion conferred on Federal Reserve banks pursuant to section 342." Id. at *13. And BSJI has failed to identify cogent and compelling reasons justifying a departure from the rulings in BSJI II; rather, BSJI acknowledges that the amendment is "likely" futile. ECF No. 154 at 1.

With respect to the APA, proposed Count II alleges that the Board acted arbitrarily and capriciously when the Board issued the Guidelines. PSAC ¶¶ 186-93. BSJI contends that the issuance of the Guidelines was arbitrary and capricious because the Guidelines purportedly contravene FRA section 248a, a statutory provision that BSJI alleges entitles it to a master account. PSAC ¶¶ 189-90; see also id. ¶ 160 ("By issuing the Guidelines without proper statutory authority, the Board improperly and

4

unlawfully expanded the FRBNY's power."). But BSJI II rejected that interpretation of the FRA. 2025 WL 44259, at *9, *13. And BSJI has not alleged or argued that the Board's issuance of the Guidelines was arbitrary and capricious for any other reason. Because this claim relies on BSJI's flawed interpretation of the FRA, the proposed amendment would not cure the deficiencies noted in BSJI II.

Proposed Count II also alleges that the Board violated the APA by validating and authorizing the FRBNY's termination of BSJI's Master Account. PSAC ¶ 193. This proposed amendment is likewise futile. BSJI II determined that "section 248(j)'s grant of general supervisory authority provides no meaningful standard against which to judge the agency's exercise of discretion." 2025 WL 44259, at *16. Accordingly, "to the extent the Board possesses any discretion to control or override the FRBNY's account-closure decisions," such discretion is "committed to agency discretion by law" and thus "jurisdictionally precluded from review" under the APA. Id.

Moreover, for the reasons provided in BSJI II, BSJI lacks constitutional standing to assert the claims in proposed Count II against the Board. See id. at *13–14. Like the First Amended Complaint that was dismissed in BSJI II, the PSAC continues to allege that "the Board at most played a general supervisory role." Id. at *14. Although BSJI now "challeng[es] the

5

promulgation of the Guidelines," ECF No. 159 at 3, BSJI fails to explain how its challenge to a nonbinding "tiered review framework," see PSAC ¶ 65, cures its failure to plead causation and redressability. BSJI II, 2025 WL 44259, at *13-14.

Accordingly, an amendment adding proposed Count II would be futile.

**IV.**

Proposed Count VIII alleges that the FRBNY discriminated against BSJI on the basis of BSJI's Venezuelan national origin, in violation of the equal protection component of the Due Process Clause of the Fifth Amendment. PSAC ¶¶ 228-33. The FRBNY argues that this amendment would be futile because BSJI lacks a valid cause of action and because the proposed amendment fails to state a plausible claim to relief. ECF No. 157 at 2-3. BSJI disagrees. ECF No. 154 at 2-3; ECF No. 159 at 1-2.

Proposed Count VIII would be futile for at least two reasons. First, BSJI has failed to invoke a valid cause of action. With respect to Bivens, as explained in BSJI II, "the purpose of Bivens is to deter the officer." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 485 (1994). And proposed Count VIII purports to allege a claim only against the FRBNY and not against any officer or agent. But "to allow a Bivens claim against federal agencies or instrumentalities, rather than individual federal officers, 'would mean the evisceration of the

6

Bivens remedy, rather than its extension.'" BSJI II, 2025 WL 44259, *22 (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69-70 (2001)). "Accordingly, an extension of Bivens is unwarranted" as against the FRBNY. Id.[2]

In arguing to the contrary, BSJI relies on inapposite cases. In Village of Arlington Heights v. Metropolitan Housing Development Corp., the plaintiffs sued the Village and several of its officers under sections 1981 and 1982 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 & 1982, and section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights, 517 F.2d 409, 411 (7th Cir. 1975), rev'd sub nom. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977).[3] Likewise, in Hayden v. Pataki, the plaintiffs brought suit "pursuant to 42 U.S.C. § 1983." No. 00-cv-8586, 2004 WL 1335921, at *1 (S.D.N.Y. June 14, 2004), aff'd sub nom. Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010). In this case, BSJI has not invoked section 1983 or any other statute as a basis for its claim in proposed Count VIII.

---

[2] BSJI II noted that "Federal Reserve banks, including the FRBNY, are federal instrumentalities incorporated as private corporations pursuant to the FRA." 2025 WL 44259, at *1 (citing 12 U.S.C. §§ 221 & 341 & United States ex rel. Kraus v. Wells Fargo & Co., 943 F.3d 588, 592 (2d Cir. 2019) ("Kraus")).
[3] In Washington v. Davis, a case brought "under the due process clause of the Fifth Amendment to the United States Constitution," the plaintiffs sued only officers. 426 U.S. 229, 232-33 (1976).

7

Second, proposed Count VIII fails to allege plausibly any violation of BSJI's purported equal protection rights. "Where the claim is invidious discrimination in contravention of the . . . Fifth Amendment, . . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). An official act is not "unconstitutional [s]olely because it has a . . . disproportionate impact." See Davis, 426 U.S. at 239.

As the principal proof of discriminatory purpose, proposed Count VIII alleges that the FRBNY closed the master account of "nine of ten IBEs owned by Venezuelan nationals." See PSAC ¶ 231; ECF No. 159 at 1. But that closure percentage is "merely consistent with" the FRBNY's liability and thus "stops short of the line between possibility and plausibility." Twombly, 550 U.S. at 557.

"[G]iven more likely explanations," BSJI's alleged proof "do[es] not plausibly establish" the FRBNY's discriminatory purpose. See Iqbal, 556 U.S. at 681. Namely, BSJI's complaints and the documents incorporated by the complaints show that the FRBNY terminated BSJI's Master Account only after an account suspension, BSJI's noncompliance with the Supplemental Terms, and the FRBNY's thorough review of BSJI's compliance risks. BSJI II, 2025 WL 44259, at *3-5. The PSAC thus fails to "plead sufficient factual matter to show that" the FRBNY closed BSJI's

8

Master Account "not for a neutral," risk-based "reason but for the purpose of discriminating on account of . . . national origin." See Iqbal, 556 U.S. at 677.

Accordingly, an amendment adding proposed Count VIII would be futile.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

Therefore, for the reasons explained in BSJI II and this opinion, the Amended Complaint is **dismissed with prejudice** and the motion for leave to file the proposed Second Amended Complaint is **denied.**

The Clerk is directed to enter judgment dismissing this action with prejudice. The Clerk is also directed to close all pending motions and to close this case.

SO ORDERED.

Dated:    New York, New York
         March 9, 2025

                                    /s/ John G. Koeltl
                                    John G. Koeltl
                                    United States District Judge